ROBERT E. BARBEE, APPELLEE, v. CITY OF OMAHA, A MUNICIPAL CORPORATION, ET AL., APPELLANTS.

260 N. W. 2d 491

Filed December 21, 1977. No. 41254.

Herbert M. Fitle and James E. Fellows, for appellants.

James P. Costello of Costello & Dugan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

The plaintiff has been employed by the fire department of the City of Omaha for 7 years. During the last 4 years he has been a member of the rescue squad. On June 1, 1976, the personnel department of the defendant city announced that a closed promotional examination for the classification of emergency medical technician would be held on September 1, 1976. The notice for the examination stated that it would be a written examination for which 100 points would be allocated.

This action was commenced on August 27, 1976, by the plaintiff, who was a candidate for the promotional examination, on behalf of all firefighters similarly situated, to enjoin the city and its personnel director from not giving credit for seniority and schooling on the examination in accordance with the policy adopted by the city in the past. The trial court ordered that the city could not promote the plaintiff or any other firefighter to the position of emergency medical technician without giving credit to the plaintiff and all others for the educational and seniority points they had acquired. The defendants have appealed.

The record shows that in 1969 the city announced a point credit program for firemen who would complete approved college training. The program provided that point credit would be added to promotional examination scores of firemen based upon col-

lege credits earned by them. The plaintiff, in reliance upon the program, completed college work which entitled him to the maximum number of educational points that would be awarded under the program.

The record also shows that section 7.04.390 (b) of the Omaha municipal code provided that: "In addition to other factors promotional examinations shall take into consideration the quality and length of service where records are available to provide the basis for such rating." The record further shows that the records necessary to determine seniority points are available in the personnel department.

The city alleges that the terms and conditions of the plaintiff's employment were controlled and governed by a labor contract and that an award of bonus points based upon seniority was contrary to public policy and in violation of the Civil Rights Act.

The labor contract between the city and the Omaha Association of Firefighters contained an article relating to management rights. It provided that nothing in the agreement should be construed to restrict, limit, or impair the rights, powers, and authority of the city under the laws of Nebraska, the home rule charter, and the city's ordinances unless expressly provided otherwise in the agreement. Among the rights enumerated in the article were the right to examine, classify, and promote employees; to establish and implement policies for the selection, training, and promotion of employees; and the right to modify, change, or discontinue any existing rules, regulations, procedures, and policies not in direct conflict with any provision of the agreement.

The contract clearly preserves the right of the city to change its policies and programs and discontinue existing programs. The problem in this case is whether the city can make such changes retroactive so that an employee such as the plaintiff will lose

his right to educational and seniority points after he has earned them.

The plaintiff contends that he and all other employees who relied upon the college training program and completed the work have a vested right to the educational bonus points. The plaintiff argues that the city is estopped from denying them the right to educational bonus points and cites May v. City of Kearney, 145 Neb. 475, 17 N. W. 2d 448.

Whether the plaintiff's rights are founded upon estoppel or a theory of contract, we think it is clear that the city can not withdraw educational bonus points from employees who have earned them in the absence of an express agreement to that effect binding upon the employees. The labor contract on which the city relies did not authorize a retroactive change in promotional policies.

The city's contention in regard to bonus points awarded for seniority is based upon a theory that such a policy would tend to perpetuate discrimination which existed in the past. While this argument might have some validity in particular fact situations, it has no application to the facts in this case.

The examination for emergency medical technician was open to all uniformed members of the fire department with 2 years experience. The plaintiff's rank as a firefighter was the basic rank for any employee who had completed the probationary period.

The trial court held that the city was bound by its own ordinances and was required to give credit for length of service. We find no error in this holding.

The judgment of the District Court is affirmed.

AFFIRMED.