EBERT ET AL., APPELLEES, *v.* STARK COUNTY
BOARD OF MENTAL RETARDATION, APPELLANT.

[Cite as Ebert v. Bd. of Mental Retardation (1980),
63 Ohio St. 2d   31.]

(No. 79-1537—Decided July 2, 1980.)

*Green, Schiavoni, Murphy, Haines & Sgambati, Mr. Eugene Green* and *Mr. Ronald G. Macala,* for appellees.

*Mr. James R. Unger,* prosecuting attorney, and *Mr. Michael P. Zirpolo,* for appellant.

*Per Curiam.* The primary question presented herein is whether the board had authority to adopt a sick leave policy which granted benefits greater than those prescribed by R. C. 124.38. This section provides, in pertinent part, that "***each employee in the various offices of the county***shall be entitled* for each completed eighty hours of service to sick leave of four and six-tenths hours with pay.***Unused sick leave shall be cumulative without limit.***" (Emphasis added.)

The board maintains that the foregoing provision grants it the authority to afford its employees sick leave credit pursuant to a statutory formula from which the board may not vary. We cannot agree. R. C. 124.38 neither establishes nor limits the power of a political subdivision. Rather, it ensures that the employees of such offices will receive at least a *minimum* sick leave benefit or *entitlement.*

While this court has not previously considered the import of R. C. 124.38, the court in *State, ex rel. Randel,* v. *Scott* (1952), 95 Ohio App. 197, did have occasion to apply its predecessor, G. C. 486-17c. The relator therein had demanded sick leave pay in excess of the statutory formula. In denying his right to the excess compensation, the court, at page 200, made the following observation:

"Thomas Randel comes within the purview of the sick-leave provisions of Section 486-17c, General Code, and is entitled to its benefits. The municipality would not have the power to reduce the allowance so provided, and, *since it did*

*not increase the allowance,* either by appropriate action of the 'responsible administrative officer' of his 'employing unit' or by municipal legislation, he is subject to the limitations contained in the general laws of the state of Ohio." (Emphasis added.)

Thus that court intimated the view that the statutory formula established a minimum benefit and did not constrain the employing unit from increasing its sick leave compensation. The New Hampshire Supreme Court similarly construed an analogous city charter provision as establishing only minimum benefits in *Manchester Edn. Assn.* v. *Manchester* (1974), 114 N.H. 83, 314 A. 2d 662. The court therein noted, at page 85, as follows:

"The city could have provided for sick leave for its employees without a provision being added to the charter. The passage of***[the charter section] would be necessary only to guarantee that city employees would receive no less than the statute provided. The provisions of the charter***do not impose any prohibition on the city's right to contract for greater sick benefits and the limiting language applies only to the minimum sick leave which the charter requires."

Since we interpret R. C. 124.38 as conferring a minimum benefit upon the board's employees, it is necessary to look elsewhere to determine the extent of the board's authority to provide increased sick leave benefits. The express powers and duties of the county board of mental retardation are set forth in R. C. 5126.03(C), which authorizes the board to "[e]mploy such personnel and provide such services, facilities, transportation, and equipment as are necessary." In order for the power to employ to have any significance, it must, of necessity, include the power to fix the compensation of such employees. It should be obvious that sick leave credits, just as other fringe benefits, are forms of compensation. There being no provision in R. C. Chapter 5126 which would constrict the board's power to provide sick leave credits in excess of the minimum level of R. C. 124.38, this court finds that the board's adoption of its pre-1975 sick leave policy was a lawful exercise of its authority.

While the board's statutory authority includes the power to modify its sick leave policy and reduce the benefits to the

level prescribed by R. C. 124.38, such reduction could only operate in a prospective manner. The sick leave credits once earned became a vested right of plaintiffs. Such accrued credits could not be retroactively revoked.[2] The trial court, therefore, correctly found that plaintiffs were entitled to reimbursement for credits and wages lost as a result of the board's attempted recomputations.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY and HOLMES, JJ., concur.

HERBERT and LOCHER, JJ., concur in the judgment.

---

[2] The same conclusion was reached in *Barbee* v. *Omaha* (1977), 199 Neb. 644, 260 N.W. 2d 491, with regard to a similar employment credit. The court therein, at paragraph one of the syllabus, held that "[t]he right of a fireman to educational bonus points on promotional examinations in accordance with a program adopted and announced by the city vests upon completion of the work as provided in the program."