THE STATE, EX REL. BOARD OF COMMISSIONERS OF WILLIAMS CTY., *v.*
WEIR, DIR.

[Cite as State, ex rel. Bd. of Commrs., *v.* Weir (1983), 6 Ohio St. 3d 381.]

(No. 81-1291—Decided August 31, 1983.)

*Mr. Anthony L. Gretick,* county prosecutor, and *Mr. Craig L. Roth,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Donald J. Guittar, Mr. Oscar B. Latin* and *Mr. Halstead L. Stettler,* for respondent.

*Per Curiam.* The issue presented herein is whether a writ of mandamus should issue compelling ODOT to pay the assessments in conjunction with the reconstruction of Ditch No. 548, where that state agency has failed to perfect an appeal as provided by R.C. 6131.25. In arguing against the issuance of the writ, respondent maintains that adequate notice of the assessments was never accomplished as required by R.C. Chapter 6131 and, therefore, the time to institute an appeal under R.C. 6131.25 has never commenced.

The record indicates that all applicable notices connected with the single county ditch improvement were sent to, and received by, ODOT's District No. 2 office in Bowling Green, Ohio. It was the established practice of that office to handle all matters connected with single county ditch improvement projects, including inspecting engineering plans, objecting to proposed assessments, attending final hearings and, most importantly, initiating appeals in accordance with R.C. 6131.25 through direct contact with the office of the Attorney General. The district office had, in fact, been in direct contact with the Attorney General's office regarding objections to the final assessments levied herein, and an appeal therefrom.

Under these circumstances, we are satisfied that ODOT received adequate notice of the final assessments.

Respondent argues, in the alternative, that the subject assessments are disproportionate to the benefits conferred by the ditch improvement project. However, this contention raises precisely the same issue allowed to be raised in an appeal to the court of common pleas under R.C. 6131.25.[2]

Thereunder, upon receiving notice of the assessment, any property owner who claims that the assessment levied against his property is excessive, or not in proportion to the benefits received, may perfect an appeal to the court of common pleas within twenty-one days from the date of the final order of the county commissioners. R.C. 6131.26. Inasmuch as respondent failed to appeal from relator's July 30, 1979 final order approving the subject assessments, the manner in which those assessments was computed cannot now be properly considered by this court.

Since the board of county commissioners' order has thus become binding upon respondent, the only question remaining is whether a writ of mandamus is appropriate to compel payment of the amount assessed pursuant to that order.

It is well-settled that "[i]n order for a writ of mandamus to issue, this court must find that relator has a clear legal right to the relief prayed for,

---

[2] The provisions regarding such an appeal begin with R.C. 6131.25, which at the time relevant herein provided as follows:

"*Any interested owner* may appeal to the court of common pleas from a final order made by the board of county commissioners, as provided in sections 6131.01 to 6131.64, inclusive, of the Revised Code, and may appeal any one or more of the following questions:

"(A)  Is the improvement necessary?

"(B)  Will the improvement be conducive to the public welfare?

"(C)  *Is the cost of the improvement greater than the benefits conferred?*

"(D)  Is the route, termini, or mode of construction the best to accomplish the purpose of the improvement?

"(E)  *Are the assessments levied according to benefits?*

"(F)  Is the award for compensation or damages just?

"Such appeal may be taken from any order affecting any part of the improvement, as well as from any order affecting the entire improvement." (Emphasis added.)

Effective April 9, 1981, R.C. 6131.25 was amended to include a twenty-one day limitations period for appealing to the court of common pleas from the order of the board of county commissioners which was previously included in R.C. 6131.26.

that respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." *State, ex rel. Heller, v. Miller* (1980), 61 Ohio St. 2d 6, 7 [15 O.O.3d 3]; *State, ex rel. Harris,* v. *Rhodes* (1978), 54 Ohio St. 2d 41, 42 [8 O.O.3d 36]; *State, ex rel. National City Bank,* v. *Bd. of Education* (1977), 52 Ohio St. 2d 81, 84 [6 O.O.3d 288].

Relator's clear legal right to the relief requested, and respondent's clear legal duty to perform the act requested, are apparent from a reading of the provisions of R.C. Chapter 6131. First, that R.C. Chapter 6131 contemplates assessments against the state where its highways are benefited by single county ditch improvements cannot be challenged. The General Assembly has specifically authorized boards of county commissioners to approve assessments associated with single county ditch improvements and levy "[s]uch part of the assessment as is found to benefit state roads or highways * * * against the state * * *." R.C. 6131.22.

Second, R.C. Chapter 6131 explicitly sets forth a detailed procedure to be followed in the event that an appeal of the assessment is not taken.[3] This procedure was fully complied with by the relator in the instant action. As a result, a clear legal duty attaches on ODOT to pay the assessment as issued.

Finally we reject respondent's argument that an adequate remedy at law exists because an action for damages against the state lies in the Court of Claims. In R.C. 6131.25 *et seq.,* the General Assembly has specifically provided a comprehensive scheme whereby any interested owner may challenge a final order by a board of county commissioners approving assessments in conjunction with single county ditch improvement projects. R.C. Chapter 2743 was not meant to implicitly repeal these sections.

Relator's complaint thus satisfies the three prerequisites necessary for the issuance of a writ of mandamus. Because respondent failed to appeal the county ditch assessments in accordance with R.C. 6131.25 *et seq.,* and relator adequately complied with the procedures set forth in R.C. Chapter 6131, this court hereby issues a writ of mandamus compelling respondent to pay to relator county ditch assessments totalling $23,919.02.

*Writt allowed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

---

[3] R.C. 6131.37 pertinently states that "[i]f no appeal has been taken to the court of common pleas, * * * the county engineer shall attend and receive bids filed with the clerk of the board of county commissioners. * * *" Following tabulation of the bids by the county engineer (R.C. 6131.40) and upon acceptance of a bid or combination thereof, a contract for performance is entered into in accordance with the county engineer's plans. R.C. 6131.41. Upon completion of the contract, the county auditor is required to transmit to the director of any department, office or institution of the state of Ohio, affected by an improvement, the assessments so levied, and payment then becomes due to the county treasurer under R.C. 6131.43.