THE STATE, EX REL. BASSMAN ET AL., APPELLEES, *v.* EARHART ET AL., APPELLANTS.

[Cite as State, ex rel. Bassman, *v.* Earhart (1985), 18 Ohio St. 3d 182.]

(No. 83-1806—Decided July 17, 1985.)

*Lyman & Brooks* and *Walter G. Brooks,* for appellees Bassman et al.

*Jack W. Decker,* for appellees George et al.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Jeffrey J. Jurca,* for appellants.

*Lee C. Falke,* prosecuting attorney, and *Barbara P. Gorman,* urging reversal for *amicus curiae,* appointing authority of welfare department.

*Per Curiam.* It is well-established that "[i]n order for a writ of mandamus to issue, this court must find that relator has a clear legal right to the relief prayed for, that respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." *State, ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6, 7 [15 O.O.3d 3]; *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 29, certiorari denied (1983), ____ U.S. ____, 78 L. Ed. 2d 723; *State, ex rel. Bd. of Commrs.,* v. *Weir* (1983), 6 Ohio St. 3d 381, 383-384.

In relation to the existence of an adequate remedy in the ordinary course of the law, appellees correctly argue that the decision in *Harris* v.

*Lewis* (1982), 69 Ohio St. 2d 577 [23 O.O.3d 489], precludes further review of the board's decision to dismiss their appeal by a court of common pleas.

Prior to the decision in *Harris, supra,* some confusion existed as to whether an involuntary reduction in pay, which was not disciplinary in nature and hence not appealable under R.C. 124.34, could nevertheless be appealed from the board to a court of common pleas pursuant to R.C. 119.12. In *Harris,* the confusion was laid to rest, the court stating in the syllabus as follows: "Involuntary reductions in pay must comply with R.C. 124.34. This statute provides that only reductions in pay for disciplinary reasons can be appealed, if at all, to the Court of Common Pleas in the county of the employee's residence. (*Davis* v. *Bd. of Review,* 64 Ohio St. 2d 102 [18 O.O.3d 345], followed.)" Since the change in parking policy was not disciplinary in nature, appellees are foreclosed from seeking further review in the court of common pleas. *Harris,* at 581. As such, appellees are without an adequate remedy at law.

The inquiry thus narrows to whether the board of review was under a clear legal duty to review the action of the welfare department.

R.C. 124.03(A) provides, *inter alia,* that the board of review shall "[h]ear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to reduction[s] in pay or position * * *."

In order to support their assertion that the termination of free parking privileges constitutes a "reduction in pay" over which the board has jurisdiction under R.C. 124.03(A), appellees principally rely upon *Ebert* v. *Bd. of Mental Retardation* (1980), 63 Ohio St. 2d 31 [17 O.O.3d 19]. In that case, the Stark County Board of Mental Retardation adopted a sick-leave policy prior to 1975, exceeding the minimum levels prescribed under R.C. 124.38. Subsequently, the board reduced its sick-leave policy to correspond with the levels prescribed under R.C. 124.38. In addition, the board sought to retroactively reduce sick-leave benefits accrued by board employees prior to 1975, which exceeded the statutory minimum levels.

In holding that the board of mental retardation could reduce sick-leave benefits to the levels provided under R.C. 124.38, but that the board could not retroactively reduce any accrued benefits, the court stated that "sick-leave credits, just as other fringe benefits, are forms of compensation." *Id.* at 33. It is this language, equating fringe benefits with compensation, that appellees seize upon in arguing that the welfare department's discontinuation of free parking constituted a reduction in compensation over which the board possessed jurisdiction. We conclude, however, that appellees' reliance on *Ebert* is misplaced.

In *Ebert* we were presented with a reduction of sick-leave credits to minimum levels mandated under R.C. 124.38 for county employees. Although the excess sick-leave credits, once accumulated, were held to have vested, the county was at liberty to adopt a policy whereby sick-leave credits accrued at the minimum levels provided under R.C. 124.38. In the

instant case, appellees are unable to unearth a legislative enactment whereby they are to be provided free parking privileges. Absent a minimum benefit conferred upon appellees by legislative enactment, no legally cognizable "reduction" occurred over which the board possessed jurisdiction. Cf. *State, ex rel. Belknap,* v. *Lavelle* (1985), 18 Ohio St. 3d 180.

In essence, then, while the free parking provided by the welfare department could be characterized in a broad sense as a "fringe benefit," for purposes of appealability to the board of review the parking privileges were, absent a legislative promulgation requiring that they be provided, a gratuity. As such, we conclude that the cessation of a gratuity does not rise to the level of a reduction in pay, position or compensation, and therefore the board properly dismissed appellees' appeal for lack of jurisdiction under R.C. 124.03(A). Moreover, at least one court has similarly concluded that the subject of employee parking privileges does not rise to the level of wages, benefits or other terms and conditions of employment. Cf. *Social Services Union* v. *Bd. of Supervisors* (1978), 82 Cal. App. 3d 498, 147 Cal. Rptr. 126.

For the foregoing reasons, the judgment of the court of appeals granting the writ is hereby reversed.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

DOUGLAS, J., dissents.