JOHNSON, Appellant,

v.

CITY OF FRANKLIN et al., Appellees.

[Cite as *Johnson v. Franklin* (1989), 64 Ohio App.3d 205.]

Court of Appeals of Ohio,
Warren County.

No. CA89–04–024.

Decided Sept. 11, 1989.

*Lawson & Sharts* and *Eddie Lawson, Jr.*, for appellant.
*Steven M. Runge*, for appellees.

*Per Curiam.*

On June 10, 1988, plaintiff-appellant, Forrest Johnson, retired as Fire Chief of the Franklin Fire Department after twenty-eight years of service. The Franklin Administrative Code entitled Johnson to up to one hundred fifty days of accumulated sick leave pay as part of his retirement compensation. However, Johnson and the city disagreed on how many hours constituted a "day" for the purposes of retirement compensation.

The dispute originates in the different hours worked by Franklin fire fighters as opposed to other city employees. The fire department operates on a platoon system whereby employees work a twenty-four-hour shift, and then are off duty for forty-eight hours. Upon Johnson's retirement, the city of Franklin tendered an amount equalling one hundred fifty days of sick leave at eight hours per day. Johnson refused tender, arguing that because he had accumulated sick time in twenty-four-hour increments, his compensation should equal one hundred fifty days multiplied by twenty-four hours per day. The city rejected his contention and Johnson filed for a declaratory judgment in the Warren County Court of Common Pleas.

At trial, Johnson presented evidence that he had been credited and debited sick time throughout his employment on the basis of a twenty-four-hour day. In its decision of February 17, 1989, however, the trial court found that because the Franklin Administrative Code "tied itself to the definitional tools" in Ohio Adm.Code 123:1–32–10(D)(2), a "day" for purposes of sick leave accumulation could only be eight hours long. Thus, the court held that Johnson was only entitled to one hundred fifty days multiplied by eight hours in computing his compensation.

On appeal, Johnson raises the following assignment of error:

"The trial court erred to the prejudice of plaintiff-appellant in its declaratory judgment in finding that plaintiff-appellant's accumulated sick leave as a fireman is computed at the rate of one hundred fifty eligible total days times eight hours per day, times his estimated hourly rate."

In essence, Johnson asserts that because the city of Franklin treated a day as twenty-four hours in length throughout his employment, it should now be estopped from compensating him on the basis of an eight-hour day upon his retirement. Because we find that the city did in fact utilize a twenty-four-hour system, we agree with Johnson that he accumulated sick leave in twenty-four-hour increments and should be compensated accordingly.

A collateral issue in this case, which the city of Franklin asserts should be dispositive, regards an amendment to the Franklin Administrative Code which was adopted approximately one week after Johnson's retirement. The amendment specifically defined a "day," for the purposes of payment of accumulated sick leave upon retirement, as being eight hours in length. We find this amendment to be inapplicable to Johnson's retirement since it was enacted after the effective date of his departure. Moreover, Johnson's sick leave would have already vested prior to the adoption of the amendment, so that the amendment could not apply retroactively to change his status. *Ebert v. Bd. of Mental Retardation* (1980), 63 Ohio St.2d 31, 33–34, 17 O.O.3d 19, 20–21, 406 N.E.2d 1098, 1100–1101.

■ The Franklin Administrative Code in effect at the time of Johnson's retirement reads at Section 143.04(a) that "[s]ick leave is hereby authorized to be accumulated according to Ohio R.C. 143.29 [now R.C. 124.38]." The Franklin ordinance also states:

"(1) *For persons employed on a full-time basis before March 1, 1980.* Upon death or retirement every employee shall receive full payment of up to 150 days unused sick leave accumulated."

R.C. 124.38 provides, in part:

"Each of the following shall be entitled for each completed eighty hours of service to sick leave of four and six-tenths hours with pay:

"(A) Employees in the various offices of the county, municipal, and civil service township service[.]"

Thus, at least on paper, the city of Franklin allowed employees to accumulate 4.6 hours of sick leave for every eighty hours worked.

The problem in the ordinance with regard to city fire fighters arises in its incongruous time measurements. R.C. 124.38 allows sick leave to be accumulated on an hourly basis; the Franklin ordinance adopts that standard while allowing retiring employees compensation on a daily basis. As the trial court commented, the two are "apples and oranges."

To resolve the question, the trial court looked to two related state statutes. R.C. 124.39, at part (B), allows retiring employees of political subdivisions to receive compensation for one fourth the value of their accrued but unused sick leave. The section also provides, at part (C), that:

"A political subdivision may adopt a policy allowing an employee to receive payment for more than one-fourth the value of his unused sick leave or for more than the aggregate value of thirty days of his unused sick leave, or allowing the number of years of service to be less than ten. The political subdivision may also adopt a policy permitting an employee to receive payment upon a termination of employment other than retirement or permitting more than one payment to any employee."

Thus, R.C. 124.39 gives broad margin to political subdivisions wishing to modify its provisions. Part (B) of that statute merely provides a minimum sick leave benefit or entitlement as a guideline. *Ebert, supra,* at 32, 17 O.O.3d at 19, 406 N.E.2d at 1099. Ohio Adm.Code 123:1–32–10(D) provides in part:

"An employee of * * * a political subdivision of the state shall, upon initial * * * service retirement, be entitled to a one-time conversion of unused accumulated sick leave credit as provided for in this rule and section 124.39 of the Revised Code."

Subsection (D)(2) provides:

"(2) Maximum conversion. An employee shall be paid in cash for one-fourth of the value of any unused accumulated sick leave to a maximum of the value of thirty days, or two hundred forty hours, of such sick leave."

The trial court considered the language of Ohio Adm.Code 123:1–32–10(D)(2) in determining that because thirty days was described as the equivalent of two hundred forty hours, the legislature meant a day to equal eight hours, and therefore Johnson would only be entitled to an eight-hour day in the case *sub judice*. We believe, however, that the city of Franklin has opted out of this guideline by instead following subsection (D)(5), which reads:

"Exception for political subdivisions. A political subdivision of the state may adopt policies and procedures allowing for sick leave conversion in accordance with division (C) of section 124.39 of the Revised Code."

Since the city of Franklin was permitted under R.C. 124.39 to "adopt a policy allowing an employee to receive payment for * * * more than the aggregate value of 30 days," and since the city did so when it allowed one hundred fifty days of accumulated sick leave it is apparent the city ordinance falls under the political subdivision exception in Ohio Adm.Code 123:1–32–10(D)(5). Franklin could therefore define a "day" to be any length it chose, and was not restricted by the Ohio Administrative Code definition. The trial court thus improperly concluded that by statute Johnson was only entitled to an eight-hour day.

■ We are nevertheless left with the question of how long a day Johnson is entitled to under the practices and procedures established by the city of Franklin.

The Franklin ordinance in place at the time of Johnson's retirement does not define what constitutes a "day." The city argues, however, that preliminary versions of the provision allowing one hundred fifty days of accumulated sick leave upon retirement read "1200 hours"—which is the sum of one hundred fifty days at eight hours each. However, it was not enough that hidden in an uncodified version of the city ordinance "day" was indirectly defined as being eight hours in length. The city must also have abided by a practice of treating a day as the equivalent of eight hours in all of its sick leave calculations in order to now assert that one hundred fifty days meant twelve hundred hours.

The evidence presented at trial showed instead that fire fighters were credited and debited sick leave in twenty-four-hour increments. Based on the theory of equitable estoppel, the city must now be precluded from asserting

that a day is eight hours long for purposes of disbursement of retirement benefits.

 Equitable estoppel prevents a party from exercising rights which he might otherwise have had against one who has in good faith relied upon the conduct of that party. *Apponi v. Sunshine Biscuits, Inc.* (C.A. 6, 1981), 652 F.2d 643, 650, at fn. 8, appealed after remand (C.A. 6, 1987), 809 F.2d 1210, certiorari denied (1987), 484 U.S. 820, 108 S.Ct. 77, 98 L.Ed.2d 40. The elements of equitable estoppel are: (1) representation by the party to be estopped; (2) which representation "communicate[s] some fact or state of affairs in a misleading way"; (3) and which induces reasonable, actual reliance by the second party; (4) who would "suffer prejudice or pecuniary disadvantage" unless the first party is estopped "from asserting an otherwise valid right in contradiction to his earlier representation." *First Fed. S. & L. Assn. v. Perry's Landing, Inc.* (1983), 11 Ohio App.3d 135, 145, 11 OBR 215, 226, 463 N.E.2d 636, 648.

In the case at bar, the trial court determined that, by its conduct, the city of Franklin represented to Johnson that one day was considered to be twenty-four-hours long:

"Plaintiff's exhibits 5 & 6 disclose that fire fighters were being granted 1.25 days of sick leave each month. They further show that there was a periodic calculation and conversion of days to hours, which was based on 24 hours.

"Further evidence disclosed that if the plaintiff missed a day (24 hour shift) for sickness he would be debited with 1 day (apparently 24 hours) of sick leave."

Moreover, there was also testimony by Franklin finance director Sandra Morgan that if Johnson had been ill prior to his retirement and had needed to use his sick leave, he would have had time off equalling 189.5 days times twenty-four hours. His accumulated sick time was even noted on one of his last paycheck stubs as 4,497.3 hours—or approximately one hundred eighty-seven days using the twenty-four-hour-day calculation.

It is clear that regardless of the city of Franklin's written provision for sick leave accumulation, in practice the city represented one day for fire fighters as twenty-four hours in length. Therefore, the first element of estoppel is present. Further, inasmuch as the city now claims its law only recognized a day as eight hours, its conduct was misleading. We think the second element of estoppel is also fulfilled. The third requirement—that the representation induce reasonable, actual reliance—is also satisfied, since Johnson's pay check and his attendance sheet both reflected sick leave accumulation of twenty-four hours per day. Finally, we find the fourth element of detriment to be present in that Johnson would lose two thirds of the sick leave benefits he has earned were the city not estopped from asserting an eight-hour day.

The trial court, in an apparent allusion to the question of estoppel, stated that "the misapplication by the City [of the ordinance] has not worked to [Johnson]'s detriment except to the extent he seeks a 24 hour per day compensation." However, the court failed to consider that it was the city's "misapplication" which gave Johnson the notion of a day being twenty-four hours to begin with. That being the case, equitable estoppel must prevent the city from denying Johnson his entitlement.

Because Johnson was earning sick leave on a twenty-four-hour-day basis all along, we must consider his sick leave to be a vested right. *Ebert, supra,* at 34, 17 O.O.3d at 21, 406 N.E.2d at 1100; *South Euclid Fraternal Order of Police v. D'Amico* (1983), 13 Ohio App.3d 46, 47, 13 OBR 49, 51, 468 N.E.2d 735, 738 ("employing unit does not 'grant' sick leave; the employee earns it and accumulates it as a vested right").

Finally, we are also persuaded by a Mahoning County Court of Appeals case which found that to the extent the city of Struthers' ordinance provided for sick leave accumulation of 1.25 days per month, rather than the newer calculation of 4.6 hours per eighty hours, "any conversion from days earned to hours earned cannot retroactively diminish what firemen have earned based upon their days of work of 24 hours each." *Delsandro v. City of Struthers* (Sept. 30, 1982), Mahoning App. No. 81 C.A. 105, unreported, 1982 WL 6194. In *Delsandro,* the city sought to maintain its policy of 1.25 days of sick leave per month while advising fire fighters that sick leave earned before 1970 would be subject to an eight-hour-per-day multiplier upon retirement. The court held that so long as the city continued to allow accumulation of sick leave in days, fire fighters were entitled to twenty-four hours per day.

While Franklin's ordinance asserts that sick leave should be accumulated in hours rather than days, the city nevertheless continued to credit and debit fire fighter sick leave "accounts" in days, not hours. Following *Delsandro*'s reasoning that a municipality cannot retroactively take away what it has allowed fire fighters to earn, Franklin must permit Johnson to collect his sick leave compensation on the basis of a twenty-four-hour-per-day calculation. Appellant's sole assignment of error is sustained.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause remanded for further proceedings not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

YOUNG, P.J., HENDRICKSON and KOEHLER, JJ., concur.