## State, ex rel. Seidita,
## v.
## Philomena
[Cite as 5 AOA 113]

*Case No. 89 C.A. 48*
*Mahoning County, (7th)*
*Decided August 24, 1990*

*J. Gerald Ingram, 7330 Market Street, Youngstown, Ohio 44512, for Relators.*

*James A. Philomena, Prosecuting Attorney, Sharon K. Hackett, Asst. Prosecuting Attorney, Mahoning County Courthouse, 120 Market Street, Youngstown, Ohio 44503, for Respondents.*

*Per Curiam.*

The relators, Lawrence J. Seidita, Michael P. Rich, Mary Jane Stephens and John E. Ausnehmer, were, each and all, employed by the Mahoning County Prosecutor from various times up and until December 31, 1988, when their services were terminated by way of resignation. Following their resignation, each of the relators made a demand upon Mahoning County that they be reimbursed for fifty per cent (50%) of their accumulated sick leave. In support of this, the relators pointed out to responsible authorities of Mahoning County that their employer, Gary L. Van Brocklin, Prosecuting Attorney, had, on or about December 30, 1988, informed the Auditor of Mahoning County that it was the policy of his office, as appointing authority, to provide his staff with the opportunity to receive payment from the county at their current hourly rate for fifty per cent (50%) of their accumulated sick leave upon their voluntary termination of employment. Payment, as demanded, was refused and, as a result, the relators have filed this action in mandamus with this court.

There is a question in this case as to whose responsibility it is to adopt a policy relative to sick leave and, especially, relative to accumulated sick leave upon the termination of an employee under conditions other than retirement. The respondents contend that this policy is strictly within the authority of the political subdivision, the County Commissioners. R.C. 124.39(C) reads as follows:

"A political subdivision may adopt a policy allowing an employee to receive payment for more than one-fourth the value of his unused sick leave or for more than the aggregate value of thirty days of his unused sick leave, or allowing the number of years of service to be less than ten. The political subdivision *may also adopt a policy permitting an employee to receive payment upon a termination of employment other than* retirement or permitting more than one *payment to any employee.*" (Emphasis added).

There is no evidence that the political subdivision, Mahoning County, ever adopted a policy relative to an employee receiving payment of unused accumulated sick leave upon termination of employment other than retirement.

The relators contend that the former prosecuting attorney, Gary L. Van Brocklin, was authorized by law and statute to establish compensation for his employees. The power to employ and the power to fix compensation of employees has received the attention of the Ohio Supreme Court in the case of *Ebert v. Board of Mental Retardation* (1980), 63 Ohio St. 2d 31. At page 33 of that case, the Supreme Court stated:

"*** In order for the power to employ to have any significance, it must, of necessity, include the power to fix the compensation of such employees. It should be obvious that sick leave credits, just as other fringe benefits, are forms of compensation."

We must make note of the fact that the *Ebert* case very specifically dealt with the allowance of sick leave credits and did not deal with the question involved in this case.

We do not intend to conclude that the appointing authority may make provision for the payment of unused sick leave. The reason for this is that R.C. 124.39(C) very specifically vests this

authority with "a political subdivision." That code provision very specifically provides, in pertinent part, that:

"*** The political subdivision may also adopt a policy permitting an employee to receive payment upon a termination of employment other than retirement *** ."

In view of this specific provision, the first paragraph of the syllabus of *Acme Engineering Co. v. Jones,* 150 Ohio St. 423 states:

"A special statutory provision which applies to a specific subject matter constitutes an exception to a general statutory provision covering other subjects as well as the specific subject matter which might otherwise be included under the general provision." See also *State, Ex Rel. v. Schumann* (1966), 7 Ohio St. 2d 41, 43.

We conclude that it was the intention of the legislature that only a political subdivision may adopt a policy permitting an employee of the political subdivision to receive payment upon termination of employment for unused sick leave. Definition of a political subdivision is found in R.C. 9.82(B), which reads as follows:

"'Political subdivision' means county, city, village, township, park district, or school district."

It is our conclusion that, as to employees of Mahoning County, Ohio, only the political subdivision, Mahoning County, may adopt a policy permitting an employee to receive payment upon termination of employment other than retirement for unused sick leave.

"A writ of mandamus may issue only where the relator shows (1) a clear legal right to the relief prayed for, (2) a clear legal duty upon respondent to perform the act requested, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *** ." *State, ex rel. Consolidated Rail Corp. v. Gorman* (1982), 70 Ohio St. 2d 274, 275.

The relators' complaint in mandamus is denied.

O'NEILL, P.J., DONOFRIO, J., COX, J.