STATE ex rel. MYERS et al., Appellants,

v.

PORTAGE COUNTY et al., Appellees.

[Cite as *State ex rel. Myers v. Portage Cty.* (1992), 80 Ohio App.3d 584.]

Court of Appeals of Ohio,
Portage County.

No. 91–P–2281.

Decided June 14, 1992.

*H.W. Kane,* for appellants.

*David W. Norris,* Portage County Prosecuting Attorney, and *Kent M. Graham,* Assistant Prosecuting Attorney, for appellees.

EDWARD J. MAHONEY, Judge.

This is an accelerated calendar appeal from a judgment of the Portage County Court of Common Pleas. Appellants, Louis R. Meyers, Donald P. Mitchell, Jr., Sharon A. Fenstermacher and Betty Mendiola Thompson, are all former Portage County Assistant Prosecutors, who resigned their positions and filed claims in mandamus for payment of accumulated but unused sick leave. Appellants claim that they are entitled to payment pursuant to the sick leave policy adopted December 30, 1988 by former Portage County Prosecutor, John J. Plough. The sick leave policy stated in pertinent part:

"1. Employee must resign or terminate employment on or after December 31, 1988.

"2. Employee must make written election for payment in cash of accrued but unused sick leave.

*"Payment in cash upon election of employee as follows:*

| Length of Service | Payment for Accrued but Unused Sick Leave |
|---|---|
| 30 years or more | 100% |
| 20–29 years | 95% |
| 10–19 years | 90% |

"This policy is adopted pursuant to Ohio Revised Code Section 124.39(B) & (C)."

Appellees, Portage County et al., filed a motion for summary judgment, which was granted on December 28, 1990, the court holding that the prosecu-

tor was without authority to enact the sick leave compensation policy. For the reasons hereinafter set forth, we affirm the decision of the trial court.

Appellants raise the following assignments of error:

"1. The trial court erred in its ruling that only the political subdivision could adopt a policy permitting an employee to receive payment for accumulated but unused sick leave at the termination of employment.

"2. The trial court's decision contravenes past policy, custom and usage of Portage County as well as the court's past policy, custom and usage.

"3. The subsequent amendment of Ohio Revised Code 124.39 confirms that the appointing authority, under the prior law, could adopt a policy with regard to payment of accumulated but unused sick leave at termination of employment."

Appellants assert in the first assigned error that the trial court erred in ruling that only a political subdivision could adopt a policy permitting an employee to receive payment for accumulated but unused sick time at the termination of employment. In order to properly consider appellants' argument we must first examine two statutory provisions as they read at the time Plough adopted the policy.

R.C. 124.39(C) read as follows:

"(C) A *political subdivision* may adopt a policy allowing an employee to receive payment for more than one-fourth the value of his unused sick leave or for more than the aggregate value of thirty days of his unused sick leave, or allowing the number of years of service to be less than ten. The *political subdivision* may also adopt a policy permitting an employee to receive payment upon a termination of employment *other than retirement* or permitting more than one payment to any employee.

"A political subdivision may adopt policies similar to the provisions contained in sections 124.382 to 124.386 of the Revised Code." (Emphasis added.) Am.Sub.H.B. No. 417, 141 Ohio Laws, Part II, 3645.

R.C. 309.06 provides in pertinent part:

"The prosecuting attorney may appoint such assistants, clerks, and stenographers as are necessary for the proper performance of the duties of his office and *fix their compensation*, not to exceed, in the aggregate, the amount fixed by the judges of such court. Such compensation, after being so fixed, shall be paid to such assistants, clerks, and stenographers biweekly, from the general fund of the county treasury, upon the warrant of the county auditor." (Emphasis added.)

■ Appellants argue that Plough could adopt the sick pay policy pursuant to his power to compensate under R.C. 309.06, while appellees assert that R.C. 124.39 provides the exclusive authority to adopt such a policy.

Appellants cite three Ohio Attorney General Opinions (1983 Ohio Atty.Gen. Ops. No. 83–073, 1984 Ohio Atty.Gen.Ops. Nos. 84–061 and 84–071) in support of their position. The Attorney General cited *Ebert v. Bd. of Mental Retardation* (1980), 63 Ohio St.2d 31, 17 O.O.3d 19, 406 N.E.2d 1098, as the foundation in each opinion, but a close reading of *Ebert* reveals that it does not stand for the proposition for which it was cited.

Recently, in *State ex rel. Seidita v. Philomena* (Aug. 24, 1990), Mahoning App. No. 89 C.A. 48, unreported, at 2, 1990 WL 125487, while dealing with the issue that we now address, the court noted that "the *Ebert* case very specifically dealt with the allowance of *sick leave credits* and did not deal with the question involved in this case." (Emphasis added.)

Additionally, in addressing the issue whether the prosecutor could adopt a sick pay policy pursuant to his power to compensate, the *Seidita* court stated:

"We do not * * * conclude that the appointing authority may make provision for the payment of unused sick leave. * * * R.C. 124.39(C) very specifically vests this authority with 'a political subdivision.' That code provision very specifically provides, in pertinent part, as follows:

" ' * * * The political subdivision may * * * adopt a policy permitting an employee to receive payment upon a termination of employment other than retirement * * *.'

" * * *

"We conclude that it was the intention of the legislature that only a political subdivision may adopt a policy permitting an employee of the political subdivision to receive payment upon termination of employment for unused sick leave. Definition of a political subdivision is found in R.C. 9.82(B), which reads as follows:

" ' "Political subdivision" means county, city, village, township, park district, or school district.' " *Id.* at 2–3.

Accordingly, the first assignment is without merit.

■ Appellants next argue that because certain others were paid pursuant to similar sick pay policies adopted by other county appointing authorities, it was the custom and policy of the county to allow such payments. Based on our analysis of the first assignment, appellants' argument is not well taken. Any past payouts pursuant to other county appointing authorities policies are irrelevant to our analysis as R.C. 124.39(C) provides the exclusive channel for

adopting a sick pay policy. Custom cannot alter the requirements of the statute. The second assignment is without merit.

▮ Appellants argue last that because R.C. 124.39(C) was amended in 1990 by adding certain paragraphs it supports their theory. The part added said:

"Notwithstanding section 325.17 or any other section of the Revised Code authorizing any appointing authority of a county office, department, commission, or board to set compensation, any modification of the right provided by division (B) of this section, and any policy adopted under division (C) of this section, shall only apply to a county office, department, commission, or board if it is adopted in one of the following ways:

"(1) By resolution of the board of county commissioners for any office, department, commission, or board that receives at least one-half of its funding from the county general revenue fund;

"(2) By order of any appointing authority of a county office, department, commission, or board that receives less than one-half of its funding from the county general revenue fund. Such office, department, commission, or board shall provide written notice to the board of county commissioners of such order.

"(3) As part of a collective bargaining agreement."

However, this amended provision expressly rejects the power of the appointing authority to set sick pay policies under the general power to compensate as appellants argue in the case at bar. We therefore reject appellants' reasoning.

▮ We do recognize that R.C. 124.39(C)(2) as amended grants power to the appointing authority to adopt a sick pay policy if his office "receives less than one-half of its funding from the county general revenue fund." This again, however, limits the power of an appointing authority under the previous Ohio Attorney General Opinions and permits the appointing authority to adopt such a policy only in this limited situation. As such, R.C. 124.39(C) as amended does not support appellants' contention and the third assignment is without merit.

Based on the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and JOSEPH E. MAHONEY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.