This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Timothy, Janeth, and Bethany Vicars, appeal from the decision of the Summit County Court of Common Pleas, which granted the motion for summary judgment of the appellee, Nationwide Insurance Co. We reverse and remand for further proceedings.
 I.
{¶ 2} On March 15, 2000, Appellant Bethany Vicars was a passenger in a vehicle driven by Carla Svasta, when that vehicle became involved in an accident, which occurred in Stow, Ohio. Appellants Timothy and Janeth Vicars are the parents of Bethany, who was a minor at the time of the accident. Bethany sustained injuries as a result of the accident.
{¶ 3} At the time of the accident, Janeth was employed by the Portage County Board of Mental Retardation and Development Disabilities ("Board"), which contracted with Appellee Nationwide Insurance Co. ("Nationwide") for a commercial automobile liability insurance policy with a limit of two million dollars. The Board was also insured under an umbrella policy issued by Nationwide, with two million dollars in excess liability coverage. It is undisputed that Janeth was not involved in the accident.
{¶ 4} Appellants filed a complaint in the Summit County Court of Common Pleas against the alleged tortfeasors and various insurance companies for underinsured motorist insurance ("UIM"), including Nationwide as Janeth's employer's insurance carrier, based upon the authority of Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660. This appeal concerns only the policies issued by Nationwide to the Board.
{¶ 5} Nationwide filed a motion for summary judgment, asserting that Appellants did not qualify as insureds under the two policies. First, Nationwide argued that the Board lacked the authority to contract for personal UIM coverage for off-duty employees and their families. Nationwide further asserted that Appellants were not insureds under the terms of the policies. The trial court granted Nationwide's motion for summary judgment and held that the Board lacked authority to contract for UIM insurance. The court reasoned that therefore Janeth was not covered by the Board's insurance policies. Although the court found this issue to be dispositive, it proceeded to address whether the appellants were insureds under the terms of the two policies. The trial court found that Janeth and Bethany were insureds under the terms of the commercial automobile liability policy, but because the Board lacked authority to contract for the insurance, Janeth and Bethany were not covered. The court found that Janeth and Bethany would not be covered under the terms of the umbrella policy. The trial court did not address the issue as to whether Timothy was an insured under either of the two policies.
{¶ 6} This appeal followed. Appellants raise four assignments of error for review. We have rearranged and consolidated some of the assignments of error for ease of discussion.
 I. Assignment of Error Two {¶ 7} "THE TRIAL COURT ERRED BY DETERMINING THAT AN INSURER MAY AVOID ITS OBLIGATION TO AN INSURED UNDER AN INSURANCE POLICY BY ARGUING THAT THE NAMED INSURED DID NOT HAVE AUTHORITY TO PURCHASE THE POLICY."
{¶ 8} In their second assignment of error, Appellants challenge the trial court's grant of summary judgment to Nationwide. Appellants argue that even if the Board lacked authority to contract for UIM insurance for off-duty employees and their families, the lack of authority is irrelevant for purposes of determining whether coverage extends to insureds under the policies pursuant to an analysis underScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. We agree.
{¶ 9} We begin by noting that we review an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
{¶ 10} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 {¶ 11} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
{¶ 12} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
{¶ 13} The underlying facts relevant to this appeal are not in dispute. The question before us is purely a question of law.
{¶ 14} County boards of mental retardation and developmental disabilities are created and governed by R.C. Chapter 5126. The express powers and duties of a county board of mental retardation are set forth in R.C. 5126.05, which authorizes the board to employ personnel, provide services, facilities, transportation, and equipment, and purchase all necessary insurance. See R.C. 5126.05; Ebert v. Stark Cty. Bd. of MentalRetardation (1980), 63 Ohio St.2d 31, 33. Whether the authority to contract for UIM insurance for off-duty employees and their families falls within those statutory powers and duties is irrelevant to an analysis under Scott-Pontzer.
{¶ 15} In Allen v. Johnson, we addressed a similar issue concerning the authority of a school district, whose duties and powers are also defined by statute, to contract for UIM coverage. Allen v.Johnson, 9th Dist. Nos. 01CA0046, 01CA0047, 2002-Ohio-3404, discretionary cross-appeal allowed, 2002-Ohio-5099. In that case, we held that a school district's statutory authority to purchase UIM insurance was irrelevant to an analysis under Scott-Pontzer because the authority "has no bearing on determining the scope of UM/UIM coverage under the terms of the policies." Id. at ¶ 22. Instead, a challenge to the statutory authority to enter into a contract for a particular type of insurance would be a defense to the enforcement of the contract. Id., citingCountrymark Cooperative, Inc. v. Smith (1997), 124 Ohio App.3d 159, 164. See, also, Blanchard Valley Farmers Coop. v. Rossman (2001),145 Ohio App.3d 132, 136. We find the same reasoning to be persuasive in this case.
{¶ 16} A county board of mental retardation's authority to contract for UIM insurance is irrelevant to the determination of whether Appellants were insureds under the terms of the individual polices. That determination is based upon an interpretation of the language of the insurance policies in light of the Ohio Supreme Court's decision inScott-Pontzer. Therefore, we find that the trial court erred when it granted summary judgment to Nationwide on the basis of the Board's statutory authority to purchase such insurance coverage.
{¶ 17} Appellants' second assignment of error is sustained.
 Assignment of Error One {¶ 18} "THE TRIAL COURT ERRED BY DETERMINING THAT THE PORTAGE COUNTY BOARD OF MENTAL RETARDATION DID NOT HAVE THE AUTHORITY TO CONTRACT FOR UNDERINSURED MOTORIST (`UIM') COVERAGE, THUS PRECLUDING PLAINTIFFS-APPELLANTS FROM OBTAINING UIM BENEFITS UNDER DEFENDANT-APPELLEE NATIONWIDE AGRIBUSINESS INSURANCE COMPANY'S INSURANCE POLICIES."
{¶ 19} In their first assignment of error, Appellants assert that the Board did have statutory authority to contract for underinsured motorist liability insurance for off-duty employees and their families. Our disposition of Appellants' second assignment of error renders this assignment of error moot. Therefore, we decline to address it. See App.R. 12(A)(1)(c).
 Assignment of Error Three {¶ 20} "THE TRIAL COURT ERRED BY IGNORING THE PARTIES' STIPULATION THAT UIM COVERAGE UNDER THE COMMERCIAL UMBRELLA POLICY APPLIED TO THE SAME EXTENT AS UIM COVERAGE PROVIDED UNDER THE COMMERCIAL AUTO POLICY."
 Assignment of Error Four {¶ 21} "THE TRIAL COURT ERRED BY FAILING TO HOLD THAT TIMOTHY VICARS WAS AN INSURED UNDER THE POLICIES."
{¶ 22} In their third assignment of error, Appellants assert that the trial court erred when it disregarded a stipulation between the parties concerning coverage under the umbrella policy. In their final assignment of error, Appellants argue that the trial court erred when it failed to find that Timothy was insured under the policies.
{¶ 23} The trial court entered summary judgment in favor of Nationwide based solely upon the finding that the Board lacked the authority to contract for UIM insurance. Any determination beyond that is merely surplusage. We find that these arguments address portions of the trial court's order that are not final determinations of the issues at this time; therefore, we decline to address the third and fourth assignments of error.
 III.
{¶ 24} Appellants' second assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.
SLABY, P.J., CARR, J. CONCUR.