HARDEN, APPELLANT, *v.* OHIO ATTORNEY GENERAL, APPELLEE.

[Cite as *Harden v. Ohio Atty. Gen.*,
101 Ohio St.3d 137, 2004-Ohio-382.]

(No. 2002–1663—Submitted November 4, 2003—Decided February 11, 2004.)

O'DONNELL, J.

{¶ 1} The matter for resolution on this appeal concerns whether R.C. 124.34 authorizes a public employer to discipline an employee by deducting vacation time that accrues subsequent to the disciplinary action.

{¶ 2} Larry D. Harden, a special agent supervisor of the Major Crimes Unit in the Ohio Attorney General's Bureau of Criminal Identification and Investigation ("BCI"), received a notice from the Attorney General informing him that because of his failure to exercise supervisory responsibilities over an agent under his control, he would be disciplined in accordance with R.C. 124.34. That notice, dated April 24, 1999, stated:

{¶ 3} "[Y]our vacation leave balance will be reduced by eight (8) hours. If your current vacation leave balance is insufficient, such reduction will take place as you accrue vacation leave. The hours will be deducted from your vacation leave balance from the pay period beginning April 25, 1999, until sufficient vacation leave has been deducted to equal a total of eight (8) hours as a result of this order."

{¶ 4} Harden filed a notice of appeal with the State Personnel Board of Review ("SPBR"), and after a hearing, an administrative law judge issued a report and recommendation affirming the deduction of Harden's vacation-leave balance. Harden objected to that report and appealed to the SPBR, questioning whether R.C. 124.34 permitted the Attorney General to deduct accrued vacation leave as a means of discipline. The SPBR, after review, adopted the administrative law judge's report and recommendation and affirmed the deduction of Harden's vacation time. Harden then appealed that decision to the Franklin County Common Pleas Court, which affirmed the board's decision. On appeal to the Tenth District Court of Appeals, he claimed that the trial court erred in affirming the SPBR's decision to deduct his vested vacation leave. The court of appeals

reversed the trial court's judgment in part, concluding that the Attorney General could not deduct any vested vacation time Harden had earned prior to the date of the disciplinary order, but could deduct time from his vacation leave accrued after that date. Harden then filed a motion in the court of appeals for reconsideration, arguing that *no* vacation time can be stripped for an R.C. 124.34 discipline and claiming that "all vacation time is necessarily vested." The court of appeals denied that motion.

{¶ 5} The cause is now before our court upon allowance of a discretionary appeal.

{¶ 6} In his proposition of law, Harden claims that a state employee's vacation leave "becomes a vested right as it incrementally accrues pursuant to R.C. 124.134" and therefore regardless of whether such leave is earned prospectively or retrospectively to a disciplinary action, such leave may never be stripped. As an initial matter, we note that Harden arguably waived any issue regarding vacation time earned subsequent to a disciplinary order, because in his appeal to the court of appeals, he raised a claim regarding only the vacation time he had already earned. We, however, will review his claim regarding future vacation leave because the court of appeals broadened the issue presented for review and held that although vacation time already earned could not be reduced pursuant to R.C. 124.34, subsequent accrual of vacation time could be reduced. Furthermore, because the Attorney General did not challenge the appellate court's decision disallowing deduction of accrued vacation time, the narrow issue before us concerns only whether R.C. 124.34 authorizes a deduction of vacation time that accrues after a disciplinary action.

{¶ 7} Initially, we address Harden's claim that all vacation leave is necessarily vested, the issue he raised in his motion for reconsideration. He argues that "vacation leave simultaneously accrues and becomes a vested right of each full-time permanent state employee at specific incremental rates throughout the work year." In support of this proposition, he cites the following portion of R.C. 124.134, which grants vacation leave to a certain class of public employees:

{¶ 8} "(A) Each full-time permanent state employee * * *, after service of one year, shall have earned and will be due upon the attainment of the first year of employment, and annually thereafter, eighty hours of vacation leave with full pay. * * * A full-time permanent state employee with twenty-five or more years of service shall have earned and is entitled to two hundred forty hours of vacation leave with full pay. Such vacation leave shall accrue to the employee at the rate of * * * nine and two-tenths hours each biweekly period for those entitled to two hundred forty hours per year."

{¶ 9} Contrary to Harden's belief, this language does not support his claim. As defined by Black's Law Dictionary, "accrue" means "[t]o come into existence

as an enforceable claim or right," and "accrued compensation" means "[r]emuneration that has been earned but not yet paid." Black's Law Dictionary (7th Ed.1999) 21 and 277. Furthermore, as defined, a right is "vested" when it "so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent." Id. at 1324. In accordance with these well-defined terms, vacation leave as granted by R.C. 124.134 accrues at specified periodic rates and becomes vested after an employee has worked the requisite number of hours to earn it. Therefore, prospective deduction of vacation leave before it accrues does not affect an employee's vested right. Harden's contention that all vacation leave is necessarily vested precluding any reduction is not well taken.

{¶ 10} Having determined that prospective deduction of vacation leave does not affect the vested right of a state employee, we next consider whether deducting an employee's vacation time constitutes a "reduction in *pay*" (emphasis added) authorized by R.C. 124.34 as a means of discipline.

{¶ 11} R.C. 124.34 provides: "(A) The tenure of every officer or employee in the classified service of the state * * * shall be during good behavior and efficient service. No such officer or employee shall be *reduced in pay* or position, fined, suspended, or removed, except * * * for * * * neglect of duty * * * [or] any other acts of misfeasance, malfeasance, or nonfeasance in office * * *." (Emphasis added.)

{¶ 12} Neither this statute nor R.C. 124.134, which grants vacation leave, addresses whether vacation leave constitutes "pay" or whether a "reduction in pay" for disciplinary purposes could consist of deducting vacation-leave credits. We, however, have construed the term "reduction in pay" in the context of R.C. 124.03.[1] In *State ex rel. Bassman v. Earhart* (1985), 18 Ohio St.3d 182, 18 OBR 250, 480 N.E.2d 761, where a county welfare department discontinued free parking for employees for budgetary reasons, we considered whether the termination of free parking constituted a "reduction in pay" for purposes of R.C. 124.03(A), entitling the employees to a review by SPBR. Characterizing free parking as a gratuity, we contrasted it with statutorily granted sick leave, and concluded that the termination of a gratuity did not rise to the level of a reduction in pay entitling the employees to invoke the jurisdiction of the SPBR.

---

1. {¶ a} R.C. 124.03 provides:

 {¶ b} "The state personnel board of review shall exercise the following powers and perform the following duties:

 {¶ c} "(A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to reduction in pay or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to a new or different position classification * * *."

{¶ 13} Similar to sick-leave credits, vacation leave is a statutory entitlement, not a gratuity. Applying our analysis in *Bassman*, therefore, a deduction of vacation-leave credit would constitute a reduction in pay.

{¶ 14} The definitions of the terms "pay" and "reduction in pay" provided in the Ohio Administrative Code support our resolution of this issue. Ohio Adm. Code 124–1–02(Y) defines "reduction in pay" as "an action which diminishes an employee's pay." Ohio Adm.Code 124–1–02(Q), in turn, defines "pay" as: "The annual, non-overtime compensation *due an employee* including, when applicable, the cost of the appointing authority's insurance or other contributions, longevity pay, supplemental pay and hazard pay * * *." (Emphasis added.) Because vacation leave, as provided for in R.C. 124.134(A), is "due" a public employee at certain periodic rates, "pay," defined as compensation "due" an employee, encompasses vacation leave. Deducting an employee's vacation leave therefore constitutes by definition "reduction in pay" authorized by R.C. 124.34 as one of the means of disciplining an employee for neglect of duty or nonfeasance.

{¶ 15} On the basis of the foregoing, we conclude that a public employer may discipline an employee in an R.C. 124.34 action by deducting vacation leave that accrues after a disciplinary order. Accordingly, we affirm that portion of the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., F.E. SWEENEY, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

RESNICK, J., concurs in judgment.

PFEIFER, J., dissents.

---

**PFEIFER, J., dissenting.**

{¶ 16} Pursuant to R.C. 124.34, Harden was subject to discipline, which includes a reduction "in pay." R.C. 124.34 does not set forth "reduction in vacation leave" as a disciplinary measure, nor does it define "vacation" as "pay." In fact, R.C. 124.134, which grants vacation leave to public employees, refers to vacation as "leave with full pay." Vacation is, of itself, not pay. It is leave, a break. What makes it especially attractive is that it comes *with* pay.

{¶ 17} Moreover, the legislature has specifically set forth the number of vacation hours that accrue to employees like Harden. Had they meant to allow those hours to be reduced by employers, they could have specifically set that forth in legislation. They did not.

{¶ 18} Since a reduction in vacation time is not an enumerated form of discipline under R.C. 124.34, and since it does not equate to pay, I dissent.

————

Vorys, Sater, Seymour & Pease, L.L.P., James E. Philips and Rodney A. Holaday, for appellant.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Stephen P. Carney, Senior Deputy Solicitor, and Christopher D. Stock, Deputy Solicitor, for appellee.