OPINION
{¶ 1} Defendant-appellant John W. Lang ("appellant") appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, awarding plaintiff-appellee Lisa M. Lang $67,000 in back child support. For the reasons that follow, the judgment is affirmed.
 {¶ 2} The parties involved in this appeal were married on May 23, 1981 and divorced in 1986. On December 1, 1983, Jessica Lang ("Jessica") was born as issue of the marriage. Lisa Lang was awarded custody of the child with appellant having visitation rights. Appellant was ordered to pay child support of $450 per month. In 1989, Lisa Lang (hereinafter "Mrs. Shepherd") remarried William Shepherd.
 {¶ 3} In December 2001, Mrs. Shepherd initiated an action against appellant to collect child support arrearages for the previous ten years. By that time, Jessica reached the age of maturity. The Franklin County Child Support Enforcement Agency's administrator determined that an arrearage existed in the amount of $67,014.40. Appellant filed a motion for a mistake of fact hearing, arguing that he should not have to pay because Mrs. Shepherd represented to him that William Shepherd was going to adopt Jessica in 1991. Appellant argued that based on this representation he ceased paying child support. In a decision filed June 20, 2002, the magistrate ordered appellant to pay the obligation at $450 per month, plus the processing charge. Appellant was further ordered to liquidate the arrearage of $67,014.40 by paying an additional $90 per month plus the processing charge, for a total of $549 per month. Appellant filed objections to the magistrate's decision asserting three issues: (1) collection of child support was barred by the doctrine of estoppel; (2) collection was barred by laches; and (3) the magistrate's order was contrary to the evidence and law. The trial court overruled appellant's objections.
 {¶ 4} The trial court found Mrs. Shepherd was more credible than appellant regarding the issue of adoption and found there had been no representation of an alleged adoption. The trial court further found that even if a representation was made, appellant's reliance was not actual and reasonable. By his own testimony, appellant stated that he "assumed" the adoption took place. After Mrs. Shepherd allegedly told him about the adoption, appellant took no further action to find out whether the adoption took place and never received any information from the county regarding adoption or to cease paying child support. With respect to the laches defense, the trial court found even though Mrs. Shepherd's delay in asserting her claim was unreasonable, appellant failed to show material prejudice. The instant appeal followed.
 {¶ 5} Appellant asserts the following assignments of error:
I. The trial court erred by ruling that its review of the magistrate's report on contested factual issues pursuant to objections filed to that report was governed by the same rationale as an appellate court's review of the trial court's decision.
II. The trial court erred in finding that the plaintiff's claim for back child support was not barred by estoppel.
III. The trial court erred in finding that the plaintiff's claim for back child support was not barred by latches [sic].
 {¶ 6} In the first assignment of error, appellant argues the trial court incorrectly applied the same rationale as that of an appellate court in reviewing the factual determinations made by the magistrate. The trial court stated the following in its opinion when discussing whether Mrs. Shepherd made a representation to appellant:
In resolving the conflicting testimony, the Magistrate found [Mrs. Shepherd] to be a more credible witness and, therefore, found that [Mrs. Shepherd] did not represent that her husband had adopted Jessica. * * * This court does not find that the Magistrate erred in making this determination. It is well accepted that the credibility of witnesses and the weight to be given to evidence is a question to be determined by the trier of fact. * * * The Supreme Court of Ohio has held that "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273. Although the Supreme Court of Ohio's decision dealt with an appellate court's review of a trial court's decision, this same rationale applies to a trial court's review of a magistrate's decision.
(Trial court opinion at 3-4; citations omitted.)
 {¶ 7} Appellant argues this is not a correct statement of the law applicable to a trial court when ruling on objections to a magistrate's report or decision. We feel the trial court's statement regarding "same rationale" is limited to the determination of credibility as the Supreme Court found in Seasons Coal Co v. Cleveland (1984), 10 Ohio St.3d 77. We do not think the trial court meant to imply that it is not required to make an independent factual determination. In order to avoid any confusion, the appropriate standard of review was stated in DeSantis v. Soller (1990), 70 Ohio App.3d 226, 233, as follows:
The trial court, when considering a referee's report, may have little, if any, greater advantage in determining the credibility of the witnesses than this court would upon review of the trial court's decision. The trial court, like a reviewing court, is limited to reviewing witnesses' testimony in the form of a written transcript, and lacks the advantage of physically viewing the witnesses in order to aid in determining truthfulness. However, the standard by which a trial court decides whether to adopt, reject or modify the report of a referee is not the same as that which governs the review by an appellate court of the trial court's decision upon questions of law. The Civil Rules clearly provide that the trial court must make its own factual determination by undertaking an independent analysis of the issues. The trial court is bound to enter its own judgment. * * * The trial court should not adopt challenged referee's findings of fact unless the trial court fully agrees with them — that is, the trial court, in weighing the evidence itself and fully substituting its judgment for that of the referee, independently reaches the same factual conclusions.
(Emphasis sic.)
 {¶ 8} Further, although Civ.R. 53 was amended in 1995, this court has held the amended rule "retains essentially the same language vesting the trial court the same broad discretion in ruling upon objections." Holland v. Holland (Jan. 29, 1998), Franklin App. No. 97APF08-974. We find the trial court employed the correct standard and conducted a de novo review.
 {¶ 9} Based on Civ.R. 53 and DeSantis, the trial court must independently assess the evidence and reach the same factual conclusions if warranted. Here, the trial court set forth in detail the testimony regarding whether Mrs. Shepherd ever told appellant that Jessica was going to be adopted. After noting the magistrate's finding that Mrs. Shepherd was a more credible witness, and no other witnesses were presented to corroborate either party's testimony, the court expressly found Mrs. Shepherd to be a more credible witness. The court then found appellant failed to establish that Mrs. Shepherd represented that Jessica was adopted by William Shepherd. The trial court then went further than the magistrate and independently found that regardless of whether a representation had been made, appellant did not establish that he actually and reasonably relied upon such representation. Therefore, the trial court engaged in the necessary de novo review. Accordingly, appellant's first assignment of error is overruled.
 {¶ 10} In the second assignment of error, appellant argues the trial court erred by finding that Mrs. Shepherd's claim for back child support was not barred by the doctrine of equitable estoppel. An appellate court will not disturb the findings of the trial court if supported by competent, credible evidence. Ferree v. Sparks (1991),77 Ohio App.3d 185, 188, citing C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279.
 {¶ 11} In order to establish equitable estoppel, the following elements must be met: (1) a representation by the party to be estopped; (2) that communicates some fact or state of affairs in a misleading way; (3) that induces reasonable and actual reliance by a second party; (4) who would suffer prejudice or pecuniary disadvantage unless the first party is estopped. Johnson v. Franklin (1989), 64 Ohio App.3d 205, 210.
 {¶ 12} As previously noted, appellant claims Mrs. Shepherd represented that William Shepherd had adopted Jessica and, as a result, he ceased paying child support. Mrs. Shepherd maintains she never made such a representation. Appellant demonstrated that some of her medical records and school records listed William Shepherd as the father. Although Mrs. Shepherd acknowledged that Jessica was enrolled as "Jessica Shepherd" during grade school, she testified that this was to help Jessica fit in and make things less complicated. Mrs. Shepherd testified that the school forms did not designate a place for stepfather so she put William Shepherd's name as the father because Jessica lived with him. Mrs. Shepherd testified that after about 1991, appellant did not try to contact her or Jessica or have any type of relationship with Jessica despite his knowledge of their address and the fact that their phone number was listed. Appellant did not attempt to find out if Jessica had in fact been adopted nor did he receive any document(s) informing him to stop paying child support because she had been adopted. Appellant did attend Jessica's First Communion and in her later years contributed to the purchase of a car for Jessica, bought her a computer for Christmas, and had lunch with her on at least one occasion.
 {¶ 13} With respect to the first element, the trial court found no representation was made to appellant. After reviewing the transcripts of testimony, the trial court found Mrs. Shepherd to be more credible than appellant. Although Mrs. Shepherd acknowledged some of Jessica's school forms and medical records indicated William Shepherd as the father, this was done to alleviate any confusion. Other than appellant's testimony, there is nothing to indicate any representation was made to him. Accordingly, we find there is competent, credible evidence to support the trial court's finding that no representation was made.
 {¶ 14} With respect to the second element,[1] the trial court stated "[a]ssuming arguendo a representation was made, [appellant's] estoppel defense would nevertheless fail as the testimony elicited at the hearing questions whether [appellant's] reliance on any such representation was actual and reasonable." (Trial court opinion at 6.) Therefore, the trial court concluded that appellant failed to establish he reasonably and actually relied upon the representation.
 {¶ 15} Appellant was allegedly informed that Jessica was going to be adopted during a telephone call in January or February 1991. After not hearing anything further, appellant just assumed the adoption was complete. "Yet, [appellant] did not receive any notice from FCCSEA or from the Domestic Court informing him that his child support obligation was terminated as a result of an adoption. Defendant did not contact the Agency, any court, or even [Mrs. Shepherd] to determine whether the adoption had in fact occurred." Id. The trial court also found no actual reliance because appellant did not alter his position as a result of the alleged representation. Appellant's financial contributions, although sporadic, indicated he was able to contact Jessica and contribute to her life when it suited him, but he ultimately chose not to fulfill his child support obligation. We find there is competent, credible evidence to support the trial court's finding that appellant failed to establish actual and reasonable reliance. Accordingly, appellant's second assignment of error is overruled.
 {¶ 16} In the third assignment of error, appellant maintains the trial court erred in not finding that laches barred Mrs. Shepherd's recovery. We disagree. In order to establish laches as a defense, the following elements must be met:
"(1) conduct on the part of the defendant * * * giving rise to the situation of which complaint is made and for which the complainant seeks a remedy * * *; (2) delay in asserting the complainant's rights, the complainant having had knowledge or notice of defendant's conduct and having been afforded an opportunity to institute a suit; (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit; and (4) injury or prejudice to the defendant in the event relief is accorded to the complainant."
Smith v. Smith (1959), 168 Ohio St. 447, 455, quoting 19 American Jurisprudence, 343, Section 498.
 {¶ 17} Delay in asserting a right does not of itself constitute laches. Id. The person asserting the claim must show that he or she has been materially prejudiced by the delay of the person asserting the claim. Id. at paragraph three of the syllabus. In Smith, the ex-wife made a motion for a lump-sum payment for unpaid child support after the child turned 18. The ex-husband argued the doctrine of laches precluded her recovery. The Ohio Supreme Court disagreed. Smith, supra. The court held the ex-wife was not barred by laches even though 14 years elapsed since the last payment. Id. The ex-husband failed to show that he was materially prejudiced by the delay, "and a material prejudice cannot be inferred from the mere lapse of the time mentioned." Id. at 456. Further, "[t]he mere inconvenience of having to meet an existing obligation imposed * * * cannot be called material prejudice." Id. at 457.
 {¶ 18} In this case, the trial court found appellant established that Mrs. Shepherd's delay was unreasonable. During the ten years appellant made no payments, Mrs. Shepherd knew where he lived and how to contact him, yet never attempted to do so. Mrs. Shepherd also had sporadic contact with appellant yet never mentioned the child support issue. However, the trial court ultimately held appellant was not materially prejudiced by the delay. The court found that cases involving material prejudice sufficient to bar an action for child support involved active concealment of the child from the parent, loss of evidence, or loss of an available defense as a result of the delay. Gerlach v. Gerlach, (1997), 124 Ohio App.3d 246, 253 (father suffered material prejudice sufficient for laches where he was unable to obtain cancelled checks due to his bank's policy of destroying records and therefore unable to show that he had made some payments during the relevant time); Ferree, supra (mother unreasonably delayed asserting her claim for unpaid child support causing material prejudice to father where mother deliberately withheld the child from her father and deprived him of his right to visitation).
 {¶ 19} Here, there was no such deliberate concealment, loss of evidence or inability to assert a defense. Appellant is merely trying to avoid the inconvenience of having to meet an existing obligation. As there is competent, credible evidence in the record to support the trial court's finding that appellant did not suffer material prejudice, appellant's third assignment of error is overruled.
 {¶ 20} In conclusion, the trial court employed the correct standard and conducted the requisite de novo review. The trial court found Mrs. Shepherd was a more credible witness and that she did not make any representation to appellant regarding adoption. The trial court then went further than the magistrate and concluded that appellant's reliance on the alleged representation was not actual and reasonable. This conclusion was supported by competent, credible evidence. The trial court's conclusion with respect to the laches defense is likewise supported by competent, credible evidence. Appellant was not prevented from seeing his daughter and knew where she and Mrs. Shepherd lived. Delay in itself is not sufficient to establish laches.
 {¶ 21} Accordingly, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
LAZARUS and SADLER, JJ., concur.
[1] Because the magistrate concluded there was no representation made to support appellant's estoppel defense, the magistrate did not reach the remaining elements of estoppel.