THE STATE, EX REL. SWARTZMILLER, v. MASHETER, DIR.

(No. 7629—Decided July 14, 1964.)

Mr. John J. Connors, Jr., for relator.

Mr. William B. Saxbe, attorney general, and Mr. Robert J. Perry, for respondent.

Per Curiam. This is an action in mandamus originating in this court, submitted on the pleadings and an agreed statement of facts. The action seeks compensation for accrued and unused annual leave.

Relator became a member of the classified service of the state of Ohio on May 24, 1954. He had ten days unused leave as of May 24, 1962, and nine additional days as of May 24, 1963. He was removed for cause on September 21, 1963. Relator contends that under Section 121.161, Revised Code, a civil service employee with more than one year of service is granted a vested or complete right to compensation for unused leave upon the completion of each year of service, i. e., the right accrues on the anniversary date of his employment each year. He concedes that upon removal for cause an employee loses any right to prorated leave time within that year. Therefore, relator makes no claim for leave time accrued between May 24, 1963, and his separation on September 21, 1963.

Respondent challenges this interpretation of the statute. There has been no challenge to the form of the action, and it

has been conceded that if relator is entitled to accrued leave he is entitled to 19 days. We, therefore, confine ourselves in this opinion solely to the interpretation of the statute.

The first paragraph of Section 121.161, Revised Code, contains two distinct provisions, one dealing with annual vacation leave and the other with prorated leave based on service of less than one year. With respect to annual leave, the statute provides that "upon attainment of the first anniversary of employment and annually thereafter" two weeks of leave with pay "will have been earned and will be due an employee." There is nothing in this grant which conditions the accrued right upon remaining in the service of the state, and nothing which purports to act as a condition subsequent to destroy the accrued right because of a later separation, with or without cause. The latter part of the paragraph deals with the right to a "pro-rated portion" of leave as of the time of separation. We think it clear that this portion of the statute deals only with service between the anniversary date of employment and the date of separation prior to the succeeding anniversary. The grant of the right of a prorated portion of leave specifically excludes a separation for cause.

In our opinion, it is most apparent that the "for cause" provision applies only to the right to prorated leave within a year's service. The absence of any such limitation in the express grant of accrued annual leave is decisive of the issue here. We note further that annual vacation leave is not generally considered, and by this statute is not granted, as a matter of privilege. Rather, as the statute states, it is "earned" and is "due." It constitutes compensation for past services already performed. A denial would, therefore, be a penalty imposed in addition to the removal itself. As a matter of statutory interpretation, no such penalty can or should be imposed in the absence of clear statutory authority which compels such a result.

The writ of mandamus is allowed.

*Writ allowed.*

BRYANT, P. J., DUFFEY and TROOP, JJ., concur.