HARDEN, Appellant,

v.

OHIO ATTY. GEN., BUR. OF CRIMINAL IDENTIFICATION
AND INVESTIGATION, Appellee.

[Cite as *Harden v. Ohio Atty. Gen., Bur. of Crim. Identification
& Investigation,* 149 Ohio App.3d 10, 2002-Ohio-4291.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 01AP–1156.

Decided Aug. 13, 2002.

Vorys, Sater, Seymour & Pease, L.L.P., James E. Phillips and Rodney A. Holaday, for appellant.

Betty D. Montgomery, Attorney General, and Mary Beth Foley, Assistant Attorney General, for appellee.

McCormac, Judge.

{¶ 1} Larry D. Harden, appellant, appeals the judgment of the Franklin County Court of Common Pleas affirming the order of the State Personnel Board of Review ("SPBR"), which found appellant guilty of neglect of duty and/or nonfeasance of duty and ordered that his vacation leave balance be reduced by eight hours.

{¶ 2} Appellant asserts the following single assignment of error: "The trial court erred as a matter of law in affirming the State Personnel Board of Review's decision that stripped Appellant Larry D. Harden's *vested* vacation pay as a means of discipline pursuant to Ohio Revised Code Chapter 124."

{¶ 3} Appellant does not challenge the finding of guilty. The sole challenge is that the penalty imposed upon appellant by removing eight previously accrued vacation hours is not in accordance with law.

{¶ 4} The exact penalty imposed by the appointing authority, Betty D. Montgomery, Attorney General of Ohio, reads as follows:

{¶ 5} "[Y]our vacation leave balance will be reduced by eight (8) hours. If your current vacation leave balance is insufficient, such reduction will take place as you accrue vacation leave. The hours will be deducted from your vacation leave balance from the pay period beginning April 25, 1999, until sufficient vacation leave has been deducted to equal a total of eight (8) hours as a result of this order."

{¶ 6} That order, effective April 24, 1999, permitted the reduction of vacation pay in the future in the event vacation pay was not available for an immediate deduction.

{¶ 7} The order of the SPBR, entered October 18, 2000, provided that the debit of appellant's accrued vacation balance in the amount of eight hours be affirmed, which order was affirmed by the court of common pleas.

{¶ 8} The primary issue is whether Ohio law permits the involuntary taking of previously accrued vacation as a reduction in pay for discipline, pursuant to R.C. Chapter 124.

{¶ 9} Since the issue is a matter of law, this court shall make its own determination of the law to be applied to the facts of the case. *Traub v. Warren Cty. Bd. of Commrs.* (1996), 114 Ohio App.3d 486, 489, 683 N.E.2d 411.

{¶ 10} R.C. 124.134 provides:

{¶ 11} "Each full-time permanent state employee * * * after service of one year, shall have earned and will be due upon the attainment of the first year of employment, and annually thereafter, eighty hours of vacation leave with full pay. * * *

{¶ 12} " * * *

{¶ 13} "Upon separation from state service an employee granted leave under this section is entitled to compensation at the employee's current rate of pay for all unused vacation leave accrued under this section * * * of the Revised Code to the employee's credit. * * * "

{¶ 14} Once vacation leave is earned, it becomes an entitlement of the employee in the nature of pay for work already performed subject to the restrictions specified in R.C. 124.134, none of which is applicable to the case at hand. In *Swartzmiller v. Masheter* (1964), 120 Ohio App. 197, 28 O.O.2d 468, 201 N.E.2d 712, we held that the right of a full-time state employee to annual vacation leave with full pay is an accrued right which is earned and not affected by later separation of state service, whether such separation is with or without cause, as it constitutes compensation for past services already performed.

{¶ 15} R.C. 124.34 is the statute dealing with reductions, suspension and removal of employees in the classified service of the state. As pertinent, it provides as follows:

{¶ 16} "(A) The tenure of every officer or employee in the classified service of the state * * * shall be during good behavior and efficient service and no such officer or employee shall be reduced in pay or position, fined in excess of five days' pay, suspended, or removed except for * * * acts of misfeasance, malfeasance or nonfeasance in office."

{¶ 17} The question is whether the reduction in pay for discipline referred to in R.C. 124.34 can apply to pay that is already received, albeit in the form of accrued vacation pay.

{¶ 18} In *Batra v. Wright State Univ.* (1992), 84 Ohio App.3d 350, 616 N.E.2d 1137, Wright State changed its vacation leave policy to provide that faculty members could accrue only 44 days of vacation, an amount less than faculty

members were previously permitted to accrue. The university set a deadline for a faculty member with an accrued vacation balance of over 44 days to use the vacation leave or have the excess eliminated. We held that Wright State had the authority to change its vacation policy but the change could not be applied to a professor of a vacation leave that he had already earned. We relied upon the Supreme Court of Ohio's decision in *Ebert v. Stark Cty. Bd. of Mental Retardation* (1980), 63 Ohio St.2d 31, 17 O.O.3d 19, 406 N.E.2d 1098, that "once sick leave credits were earned, they became a vested right of the [plaintiffs] and could not be retroactively revoked." *Batra v. Wright State,* supra, at 354, 616 N.E.2d 1137. In *Ebert,* the court held that sick leave credits once earned became a vested right of the employee and could not be retroactively revoked.

{¶ 19} Appellee argues that the foregoing cases are inapplicable in that the attempted reductions or eliminations in the *Batra* and *Ebert* cases were not made as a result of a disciplinary action. Appellee relies upon *Leisenheimer v. MRDD* (1998), Franklin App. No. 98AP–496, 1998 WL 696896. We find that *Leisenheimer* is not controlling because MRDD appealed only the jurisdictional issue to the Franklin County Court of Common Pleas rather than the issue with which we are faced in this case. In any event, reduction of vested vacation was ultimately disaffirmed. Because *Leisenheimer* was appealed solely as to jurisdiction, we did not address the merits of MRDD's argument that a reduction of vested vacation pay was necessary to protect the employee's exempt status under the Fair Labor Standards Act, and the issue of vested versus prospectively earned vacation pay was not raised for consideration as to whether pay already accrued could be recovered.

{¶ 20} In summary, we conclude that R.C. 124.34 does not permit taking away pay, including accrued vacation credits that have already been earned, under the reduction-of-pay provision for discipline. Instead, R.C. 124.34 speaks only to reduction of pay in regard to future service of the disciplined employee. We need not consider the fine language of R.C. 124.34, as the order was entered as a reduction of pay.

{¶ 21} Appellant's assignment of error is sustained to the extent that the order of SPBR and the Franklin County Court of Common Pleas allowed taking appellant's vested vacation pay earned prior to the date of the order of Attorney General Montgomery of April 24, 1999. However, that order allowed the eight hours to be deducted from appellant's vacation leave balance from the period beginning April 25, 1999, in the event that the accrued vacation leave balance was insufficient. While the insufficiency was not because appellant did not have accrued vacation pay but because the vacation pay is untouchable under R.C. 124.34 for reduction of pay, the alternate provision that the reduction be enforced

for subsequent accrual of vacation pay shall be enforced. The obvious intent of the Attorney General will be honored.

{¶ 22} Appellant's assignment of error is sustained to the extent noted in this opinion. The judgment of the Franklin County Court of Common Pleas is reversed, and the case is remanded to the trial court to modify its order affirming the SPBR by ordering that they order the Attorney General to deduct the eight hours vacation pay accrued after April 25, 1999.

Judgment affirmed in part,
reversed in part
and cause remanded.

TYACK, P.J., and DESHLER, J., concur.

JOHN W. McCORMAC, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.