[Cite as *Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 2012-Ohio-3358.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97358**

# MUNICIPAL CONSTRUCTION EQUIPMENT OPERATORS' LABOR COUNCIL

PLAINTIFF-APPELLANT

vs.

# CITY OF CLEVELAND

DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-627153

**BEFORE:** Celebrezze, J., Blackmon, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** July 26, 2012

**ATTORNEYS FOR APPELLANT**

Patricia M. Ritzert
Stewart D. Roll
Climaco, Wilcox, Peca, Tarantino, Garofoli Co., L.P.A.
55 Public Square
Suite 1950
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Interim Director of Law
Richard F. Horvath
Chief Corporate Counsel
Joseph F. Scott
Chief Assistant Director of Law
City of Cleveland
Department of Law
601 Lakeside Avenue
Room 106
Cleveland, Ohio   44114

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Defendant-appellee, city of Cleveland, is a municipal corporation that has adopted a city charter under the Home Rule Amendment of the Ohio Constitution, Article XVIII, Section 7.

**{¶2}** Plaintiff-appellant, Municipal Construction Equipment Operator's Labor Council ("the Union"), is the exclusive representative of the construction equipment operators and master mechanics ("Union members") employed by the city of Cleveland ("Cleveland"). The Union members operate, maintain, and repair heavy construction equipment for Cleveland. These employees are referred to as craft employees, building trade employees, and operating engineers, and they are regular, full-time, hourly-rate employees who are classified as Construction Equipment Operator A, Construction Equipment Operator B, or Master Mechanic.

**{¶3}** The Union and Cleveland operated under a collective bargaining agreement from February 2005 until March 31, 2007. The parties were unable to come to an agreement on a new collective bargaining agreement. Because the Union members are building trade employees, when there is no collective bargaining agreement in place, Cleveland Charter, Section 191 provides that Union members shall be compensated "in accordance with the prevailing rates and salary or compensation for such services."[1]

_____

[1] The prevailing wage rate formula takes into account specific benefit costs to be used to

{¶4} Under the expired collective bargaining agreement, the Union members had negotiated a wage rate less than the prevailing wage rate and received various nonwage benefits pursuant to Cleveland Codified Ordinances. Once the collective bargaining agreement expired, Cleveland stopped offering certain benefits provided by its codified ordinances and began paying Union members in accordance with the prevailing wage rate set forth in the Ohio Highway Heavy Agreement.

{¶5} On June 14, 2007, the Union filed a complaint seeking declaratory judgment and injunctive relief. The complaint alleged that following the expiration of the collective bargaining agreement, Cleveland paid Union members below the appropriate prevailing wage rate. Based on Cleveland's alleged failure to pay the correct prevailing wage rate, the complaint sought declaratory and injunctive relief to prevent Cleveland from terminating Union members from certain benefits provided under Cleveland Codified Ordinances 171.07 (longevity pay), 171.28 (paid vacation leave), 171.30 (paid holidays), 171.31 (paid sick leave), 171.32 (group term life insurance), 171.33 (hospitalization coverage), and 171.60 (dental insurance).

{¶6} While the June 14, 2007 complaint was pending, the parties were unable to agree on the prevailing wage rate the Union members should be paid when no controlling collective bargaining agreement is in place. On November 30, 2007, the Union filed a

---

calculate the amount to be paid. *See* R.C. 4115.03(E)(3)(a-j). Benefits included in the formula include life insurance, vacation and holiday pay, pension coverage, and medical insurance. This calculation includes benefit compensation in the form of money rather than the employer providing the additional benefits, such as those provided in the Cleveland Codified Ordinances.

writ of mandamus with the Ohio Supreme Court seeking to base the prevailing wage rate on the Construction Employers Association Building Agreement ("building trades prevailing wage rate"), while Cleveland contended that the prevailing wage rate should be based on the Ohio Highway Heavy Agreement. On February 20, 2008, the Ohio Supreme Court agreed with the Union and determined that the Union members should be paid at the building trades prevailing wage rate from April 11, 2007, and thereafter when no collective bargaining agreement exists. *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 117 Ohio St.3d 1403, 2008-Ohio-565, 881 N.E.2d 272.

{¶7} On May 15, 2008, the trial court reinstated this case to the active docket. On May 30, 2008, the Union moved for summary judgment. On June 2, 2008, Cleveland moved for summary judgment. Before the trial court issued a ruling on the parties' motions for summary judgment, the action was stayed on July 23, 2008, "pending final ruling of the Ohio Supreme Court Case Number 2007-2227."

{¶8} On September 25, 2008, Cleveland notified the Union that because Cleveland would begin its retroactive payment of the building trades prevailing wage rate, as ordered by the Ohio Supreme Court, the Union members were no longer entitled to benefits under the Cleveland Codified Ordinances, including 171.33, effective September 30, 2008.[2]

---

[2]On December 1, 2007, Cleveland reinstituted city-provided benefits while litigation was pending before the Ohio Supreme Court in Case Number 2007-2227.

{¶9} On September 29, 2008, the Union filed a motion to reinstate the case to the active docket and a motion for a temporary restraining order ("TRO") pursuant to Civ.R. 65(A). The Union sought an order restraining and enjoining Cleveland from "taking any action which would eliminate medical, hospitalization and health insurance coverage for the Plaintiff's members." On October 8, 2008, the trial court simultaneously reinstated the case to the active docket and granted the Union's TRO. On agreement of the parties, the trial court set a preliminary hearing for October 24, 2008. The preliminary hearing was subsequently postponed until November 7, 2008, pending the Ohio State Employment Relations Board ("SERB") opinion in *Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, SERB No. 2008-005 (Oct. 31, 2008).[3]

{¶10} On November 6, 2008, the parties agreed to stay pending litigation while they attempted to conclude negotiations for a new collective bargaining agreement. The agreement provided that the trial court would retain jurisdiction until a new collective bargaining agreement was reached or an impasse was declared. Eventually, an impasse was declared, and the trial court scheduled a preliminary hearing to be held on February 12, 2009. The hearing centered on the hospitalization benefits provided by Cleveland Codified Ordinances 171.33.

{¶11} In its journal entry and opinion dated April 29, 2009, the trial court denied the Union's motion for preliminary injunction, stating:

---

[3]SERB issued its opinion on October 31, 2008, and held that Cleveland had not committed an unfair labor practice when it stopped providing medical insurance after the collective bargaining agreement expired on March 31, 2007.

The language used in §171.33 is not ambiguous, thus the plain language of the statute must be applied. Section 171.33 exempts hospitalization coverage for Plaintiff when they are paid the prevailing wage rate under Ordinance §173.62. This court finds it is Defendant's intent to exclude Plaintiff from hospitalization benefits found in §171.33 when they are paid at the Building Trades Rates. Plaintiff's members are currently being paid at the Building Trades Rates and are therefore excluded from hospitalization coverage as provided to regular, full time employees under §171.33.

**{¶12}** As to the remaining claims for benefits, other than the allowance for hospitalization protection under Cleveland Codified Ordinances 171.33, Cleveland requested the trial court to issue a ruling on the parties' pending cross-motions for summary judgment. On July 29, 2009, the trial court granted Cleveland's motion for summary judgment, while denying the Union's motion for summary judgment.

**{¶13}** On August 11, 2009, the Union appealed the April 29, 2009 judgment of the trial court denying the motion for preliminary injunction and the July 29, 2009 judgment of the trial court granting Cleveland's motion for summary judgment. On August 16, 2010, this court dismissed the Union's appeal for lack of a final, appealable order because the trial court had not fully declared all of the parties' rights and responsibilities.

**{¶14}** On remand, the trial court requested supplemental briefing from the parties on their cross-motions for summary judgment. On August 30, 2011, the trial court issued its journal entry and opinion granting Cleveland's motion for summary judgment and denying the Union's motion for summary judgment. In its opinion, the trial court declared that the Union members were not entitled to the benefits provided by the

Cleveland Codified Ordinances based on Cleveland's retroactive payment of the building trades prevailing wage in accordance with the order of the Supreme Court of Ohio.

{¶15} On September 28, 2011, the Union filed this timely appeal, raising three assignments of error for review:

> I. The trial court erred by ruling that members of the CEO Union are not entitled to the hospitalization allowance provided under Cleve. Cod. Ord. 171.33.

> II. The trial court erred by granting defendant/appellee Cleveland's motion for summary judgment.

> III. The trial court erred by denying plaintiff/appellant CEO Union's motion for summary judgment.

Law and Analysis

I. Cleveland Codified Ordinances 171.33

{¶16} In its first assignment of error, the Union argues that the trial court erred by ruling that Union members are not entitled to the hospitalization allowance provided under Cleveland Codified Ordinances 171.33.

{¶17} Where a trial court's order is based on a pure question of law, including the interpretation of a city ordinance, an appellate court may properly substitute its judgment for that of the trial court because an important function of appellate courts is to resolve disputed propositions of law. *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership*, 78 Ohio App.3d 340, 604 N.E.2d 808 (2d Dist.1992). The question of whether Union members are excluded from hospitalization benefits pursuant to Cleveland Codified Ordinances 171.33 is a matter of law and subject to plenary review before this court.

Therefore, we will review the matter herein de novo, without deference to the determination of the trial court.

{¶18} The primary duty of a court in interpreting an ordinance is to give effect to the intent of the legislative body enacting it. *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 97, 573 N.E.2d 77 (1991). "In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished." *State v. S.R.*, 63 Ohio St.3d 590, 594-595, 589 N.E.2d 1319 (1992). We read words and phrases in context and construe them according to the rules of grammar and common usage. *Eastman v. State*, 131 Ohio St. 1, 1 N.E.2d 140 (1936), at paragraph five of the syllabus.

{¶19} Cleveland Codified Ordinances 171.33, states in relevant part:

All regular full-time employees of the City except * * * members of the building trades paid under Section 173.62, or ordinances or parts of ordinances relating to the same subject matter * * * shall be entitled to an allowance for hospitalization protection.

{¶20} In the case at hand, there is no dispute that the Union members are members of the building trades. However, the Union contends that, unlike the language contained in Cleveland Codified Ordinances 171.07, 171.28, 171.30, 171.32, and 171.60,[4] 171.33

---

[4]Longevity pay is provided, "except to members of the building trades paid on the basis of building trades prevailing wages * * *." 171.07.

Vacation leave is provided but "shall not apply to hourly rate craft employees paid on the basis of building trades prevailing wages." 171.28.

Certain holidays are paid "except hourly rate craft employees paid on the basis of building trades prevailing wages * * *." 171.30.

Group term life insurance is provided "except to hourly rate craft employees paid on the basis of building trades prevailing wages." 171.32.

Finally, dental care insurance is provided "except to members of the building trades paid on

does not exclude hospitalization coverage to employees who are "paid on the basis of building trades prevailing wages." Rather, 171.33 excludes hospitalization coverage to "members of the building trades *paid under Section 173.62, or ordinances or parts of ordinances relating to the same subject matter*." (Emphasis added.) The Union argues that because 173.62 has been repealed and the text of the statute has not been produced, Cleveland has failed to demonstrate that the Union members are excluded from hospitalization coverage.

{¶21} In response to the Union's argument, Cleveland contends that, although Cleveland Codified Ordinances 171.33 refers to a repealed ordinance, an examination of the ordinance's legislative history demonstrates an intent to exclude Union members from hospitalization benefits where they are paid the prevailing wage rate. We agree.

{¶22} On December 13, 1976, Ordinance No. 2315-76 amended Cleveland Codified Ordinances 173.62. Ordinance No. 2315-76 was a compensation schedule for construction equipment operators.[5] On January 24, 1977, Cleveland passed Ordinance No. 2090-B-76. Section 35 of this ordinance repealed 173.62, stating in relevant part, "Section 173.62, as amended by Ordinance No. 2315-76, passed December 13, 1976, of

---

the basis of building trades prevailing wages." 171.60.

[5]Ordinance No. 2315-76 references Cleveland Codified Ordinances 1.474101. On December 27, 1976, pursuant to Ordinance No. 2924-76, Cleveland renumbered its ordinances, changing 173.62 to 1.47101. However, Ordinance No. 2315-76 was passed before the renumbering. Ordinance 2090-B-76 states that 173.62 was amended by Ordinance 2315-76. Thus, Ordinance No. 2315-76 shows the former number of 1.474101. Further, Cleveland Codified Ordinances 101.01 states, "Code, title, chapter and section headlines do not constitute any part of the law as contained in the Codified Ordinances" and does not change the content of the Ordinances.

The Codified Ordinances of Cleveland, Ohio, 1976, be and the same are hereby repealed." Section 33 of Ordinance 2090-B-76 established the new construction equipment operators' compensation schedule.

{¶23} Since the repeal of Cleveland Codified Ordinances 173.62, there have been several amendments to Ordinance 2090-B-76. The subsequent amendments set new compensation schedules for various city employees, including construction equipment operators. During the February 2009 preliminary hearing, Cleveland introduced Ordinance No. 1459-08, effective September 22, 2008, which established a new schedule of compensation for Union members that is in accordance with the building trades prevailing wage rate.[6]

{¶24} As discussed, by following the amendments to Cleveland Codified Ordinances 173.62, it is reasonable to conclude that 173.62 set a compensation schedule for craft positions that include construction equipment operators. Accordingly, we find that the subsequent compensation schedules, including Ordinance No. 1459-08, constitute an ordinance that "relate[s] to the same subject matter" as contained in the repealed 173.62. Therefore, it is evident that Cleveland intended to exclude building trade employees from hospitalization benefits pursuant to 171.33 when they are paid pursuant to a compensation ordinance. Because Union members are currently being paid under a compensation schedule that relates to the same subject matter of 173.62 and complies

---

[6]The record reflects that the maximum rate of pay in that schedule of compensation was equal to the building trades prevailing wage rate.

with the prevailing wage requirements of Cleveland Charter, Section 191, we conclude that the trial court did not err in ruling that Union members are not entitled to the hospitalization benefits provided under 171.33.

{¶25} The Union's first assignment of error is overruled.

## II. Summary Judgment

{¶26} For the purposes of judicial clarity, we will consider the Union's second and third assignments of error together. In its second assignment of error, the Union argues that the trial court erred by granting Cleveland's motion for summary judgment. In its third assignment of error, the Union argues that the trial court erred in denying its motion for summary judgment.

{¶27} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, citing *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The evidence must be viewed in the light most favorable to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

**{¶28}** In its motion for summary judgment, Cleveland argued that it was entitled to judgment as a matter of law because Union members were paid in accordance with the building trades prevailing wage rate, albeit retroactively, thereby exempting Union members from receiving certain benefits pursuant to the Cleveland Codified Ordinances.

**{¶29}** Conversely, in its motion for summary judgment, the Union argued that it is entitled to compensation for benefits provided under the Cleveland Codified Ordinances, including 171.07 (longevity pay), 171.28 (paid vacations), 171.30 (paid holidays), 171.31 (paid sick leave), 171.32 (group term life insurance), 171.33 (medical insurance), and 171.60 (dental insurance), based on Cleveland's initial failure to pay Union members at the building trades prevailing wage rate from approximately May 1, 2007, to November 30, 2007. The Union submits that, pursuant to *Harden v. Ohio Atty. Gen.*, 149 Ohio App.3d 10, 2002-Ohio-4291, 775 N.E.2d 570 (10th Dist.);[7] *Ebert v. Stark Cty. Bd. of Mental Retardation*, 63 Ohio St.2d 31, 406 N.E.2d 1098 (1980); and *Batra v. Wright St. Univ.*, 84 Ohio App.3d 350, 616 N.E.2d 1137 (10th Dist.1992), the Union members had a vested right to the benefits outlined in the relevant ordinances during the time periods in which Cleveland failed to pay the appropriate prevailing wage rate. Thus, as we interpret its argument, the Union contends that its members were entitled to compensation for the benefits outlined in Cleveland Codified Ordinances 171.07, 171.28, 171.30, 171.31,

---

[7] *Harden v. Ohio Atty. Gen.*, 2002-Ohio-4291, was affirmed by the Ohio Supreme Court in *Harden v. Ohio Atty. Gen.*, 101 Ohio St.3d 137, 2004-Ohio-382, 802 N.E.2d 1112.

171.32. 171.33 and 171.60, in addition to Cleveland's retroactive payment of the building trades prevailing wage rate.

{¶30} On review, we find *Harden*, *Ebert* and *Batra* to be distinguishable from the facts at hand. In *Harden*, *Ebert*, and *Batra*, the plaintiff-employees had earned or received benefits that were retroactively revoked by the defendant-employer. In declaring that the revocation of benefits was impermissible, the *Harden*, *Ebert*, and *Batra* courts held that once benefits are earned, "they become a vested right of the [plaintiffs] and [can]not be retroactively revoked." *See Harden* at ¶ 18, citing *Ebert* at 34; and *Batra* at 354. However, in contrast, the benefits at issue herein were not retroactively withdrawn by Cleveland, i.e., Cleveland did not take away benefits that had become a vested right of the Union members. Instead, Cleveland merely stopped providing benefits to Union members into the future based on the expiration of the parties' collective bargaining agreement and Cleveland's transition towards payment of the prevailing wage rate.

{¶31} More importantly, in *Harden*, *Ebert*, and *Batra*, there were no retroactive payments or compensation to replace the benefits provided for under the Cleveland Codified Ordinances. As discussed, the ordinances at issue provide benefits by means other than monetary compensation to Cleveland employees, excluding employees who are paid on the basis of the prevailing wage rate. These ordinances use varying language, but all make it clear that if the employee is being paid at the prevailing wage rate, the fringe benefits are not available to him or her. Here, the Union members were paid,

albeit retroactively, the correct prevailing wage rate that accounts for monetary compensation instead of the fringe benefits the Union seeks.

**{¶32}** Accordingly, we conclude that, based on the express language of Cleveland's ordinances, the Union members are not entitled to benefits as provided under Cleveland Codified Ordinances 171.07 (longevity pay), 171.28 (paid vacations), 171.30 (paid holidays), 171.31 (paid sick leave), 171.32 (group term life insurance), 171.33 (medical insurance), and 171.60 (dental insurance). The Union members have been fully compensated, and the retroactive nature of Cleveland's prevailing wage payment does not alter this conclusion. Any finding to the contrary would provide the Union members with a windfall.

**{¶33}** Viewing the evidence most strongly in favor of the Union, as we must, we find that because there is no genuine issue as to any material fact, Cleveland is entitled to judgment as a matter of law. Accordingly, the trial court properly granted summary judgment in favor of Cleveland and denied the Union's motion for summary judgment.

### III. Declaratory Relief

**{¶34}** Alternatively, the Union argues that the trial court's opinion granting Cleveland's motion for summary judgment must be reversed because the trial court failed to provide complete declaratory relief. The Union contends that reversal is appropriate here because the trial court's August 30, 2011 judgment entry does not declare the rights of Union members who are paid below the prevailing wage rates. We disagree.

**{¶35}** This court has held that "[w]hen a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order." *Stiggers v. Erie Ins. Group*, 8th Dist. No. 85418, 2005-Ohio-3434, ¶ 5; *Klocker v. Zeiger*, 8th Dist. No. 92044, 2009-Ohio-3102, ¶ 13.

> As a general rule, a trial court does not fulfill its function in a declaratory judgment action when it fails to construe the documents at issue. Hence the entry of judgment in favor of one party or the other, without further explanation, is jurisdictionally insufficient; it does not qualify as a final order.

*Highland Business Park, L.L.C. v. Grubb & Ellis Co.*, 8th Dist. No. 85225, 2005-Ohio-3139, ¶ 23; *Klocker* at ¶ 13.

**{¶36}** In its complaint, the Union sought a declaration from the trial court that Cleveland's withdrawal of benefits was contrary to Cleveland's ordinances and that Cleveland was required to restore those benefits or reimburse Union members for the value of those benefits. On examination of the trial court's August 30, 2011 journal entry and opinion, we find that the trial court adequately declared the parties' rights and responsibilities.

**{¶37}** Here, the record reflects that on February 20, 2008, the Ohio Supreme Court ordered Cleveland to compensate the Union members in the form of back pay for the time period in which Cleveland improperly paid the employees below the prevailing wage rate. *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 117 Ohio St.3d 1402, 2008-Ohio-594, 881 N.E.2d 271. Relying on the order of the Ohio Supreme

Court, the trial court concluded in its summary judgment opinion that Cleveland "paid Union members the prevailing wage which compensates for the benefits they are now seeking" and declared that Cleveland has no obligation to provide benefits pursuant to its ordinances when it pays the Union members the building trades prevailing wage rate. Although the Union disputes the conclusions reached by the trial court, we find that the trial court adequately construed the ordinances at issue, addressed the declarations sought by the Union in its complaint, and appropriately declared all of the parties' rights and obligations.

{¶38} Based on the foregoing, the Union's second and third assignments of error are overruled.

{¶39} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA ANN BLACKMON, A.J., and
MARY J. BOYLE, J., CONCUR